UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT J. ROSENBAUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-32 |
| | ) | (VARLAN/GUYTON) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's Motion For Summary Judgment [Doc. 12], and the defendant's Motion For Summary Judgment. [Doc. 14]. Plaintiff Robert J. Rosenbaum seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

1. The claimant has not engaged in substantial gainful activity at any time relevant to this decision and has no relevant work history (20 C.F.R. § 416.920(b) and 416.971 et seq).

2. The claimant has the following severe impairments: alleged mild mental retardation versus borderline intellectual functioning (20 C.F.R. § 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1 (20 C.F.R. § 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work. He can understand and remember simple tasks only; can concentrate and attend to the same tasks, despite some difficulty; can interact with coworkers, supervisors, and the general public despite some difficulty; can do so without substantial limitations; can adapt to work-like settings and changes with some, but not substantial difficulty; and will experience some, but not substantial, difficulty in setting goals or making plans independently.

5. The claimant has no past relevant work (20 C.F.R. § 416.965). A history of his employment earnings shows that he only earned $232 in 1979, and there is no further evidence that the claimant ever had other earnings.

6. The claimant was born on May 21, 1963 and was 39 years old on the alleged disability onset date, which is defined as a younger individual age 18-44 (20 C.F.R. § 416.963).

7. The claimant has a limited education and is able to communicate in English (20 C.F.R. § 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 C.F.R. § 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. § 416.960(c) and 416.966).

10. The claimant has not been under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. § 416.920(g)).

(Tr. 16-23).

The issue raised by the plaintiff is whether substantial evidence supports the final decision of the Commissioner that Mr. Rosenbaum was not disabled because he retained the residual functional capacity (RFC) to perform work that existed in significant numbers in the national economy. The plaintiff argues that the ALJ erred in not finding him disabled under listing 12.05C and that he was more disabled that the ALJ's RFC finding indicated. The Commissioner argues that the record provides substantial evidence for the ALJ's finding that, notwithstanding the plaintiff's impairments, he remained capable of performing work in the national economy and was, therefore, not disabled.

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case

differently. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986). Therefore, judicial review of a final decision of the Commissioner of Social Security is limited to determining whether the ALJ applied the correct legal standards in reaching the decision and whether there is substantial evidence in the record to support the ALJ's findings. Longworth v. Commissioner of Social Security, 402 F.3d 591, 595 (6th Cir. 2005). The Commissioner's findings of fact, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).

The plaintiff argues that the ALJ erred at steps two and three of the sequential evaluation process and that the ALJ erred in his RFC finding. [Doc. 13]. The Commissioner, however, correctly notes that the issue in step two is really one of deciding whether to stop the analysis at that step or move forward in the sequential evaluation process, as the ALJ did.

The issue in step three is whether the plaintiff's condition met listing 12.05C. The ALJ reasonably relied on the medical opinions and objective findings in the record (Tr. 153; 160; 197-202; 264-266; 268-273; 283-286) to determine that the plaintiff was not mentally retarded or had severely limiting pain. These opinions, from Dr. Harjeet Narula (Tr. 283-286), Dr. Dan Sanders (Tr. 268-273) and Dr. George Bounds (Tr. 197-202) were thorough, detailed and based on objective evidence. The ALJ properly afforded great weight to them. The ALJ also explained that he gave less weight to the "light work" level restriction opined by Dr. Jeffrey Summers (Tr. 171-173) because that restriction was based on the not credible subjective complaints by the plaintiff. (Tr. 22).[1]

---

[1]The vocational expert testified that even at the light, unskilled level there are a substantial number of jobs which the plaintiff could perform.

The ultimate RFC finding, which limited the plaintiff to medium work and several mental RFC restrictions , was supported by the above cited medical evidence, and bolstered by the plaintiff's lack of credibility, augmented by his record of malingering. (Tr. 174-178). The ALJ met the burden at step five of the sequential evaluation process by articulating a supportable RFC to a vocational expert, who identified jobs that such an individual could perform. (Tr. 330-332). The ALJ found this to be a substantial number of jobs and, thus, reasonably determined that the plaintiff was not disabled at any point on or prior to the date of his decision.

Read in its entirety, the record confirms that substantial evidence supports the ALJ's finding that the plaintiff is not entitled to disability benefits for the relevant period. The ALJ reasonably discounted the plaintiff's allegations of disabling pain based on the medical opinions and the plaintiff's lack of credibility. Villareal v. Secretary of Health and Human Services, 818 F.2d 461, 464 (6th Cir. 1987) (determination of disability from pain is within the province of the ALJ); Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987) (the ALJ's credibility finding is entitled to considerable deference).

The Court finds that the ALJ reviewed the entire record evidence; properly weighed the medical source opinions; properly evaluated the plaintiff's credibility; and explained his rationale at each step of the evaluation process. The ALJ's decision of non-disability was well-supported by substantial evidence, and therefore, should be upheld by this Court.

Accordingly, it is hereby **RECOMMENDED**[2] that the plaintiff's Motion For Summary Judgment [Doc. 12] be **DENIED** and that the Commissioner's Motion For Summary Judgment [Doc. 14] be **GRANTED**.

Respectfully submitted,

s/H. Bruce Guyton
United States Magistrate Judge

---

[2]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).