UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT J. ROSENBAUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:07-CV-32 |
| | ) | (VARLAN/GUYTON) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This social security appeal is before the Court for consideration of objections by Plaintiff, Robert J. Rosenbaum, [Doc. 17] to the report and recommendation filed by United States Magistrate Judge H. Bruce Guyton [Doc. 16]. Magistrate Judge Guyton found that the Commissioner's decision that Plaintiff is not disabled is supported by substantial evidence in the record as a whole and recommended that Plaintiff's motion for summary judgment [Doc. 12] be denied and that Defendant Commissioner's motion for summary judgment [Doc. 14] be granted.

This Court considers only specific objections to the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). The "substantial evidence" standard of judicial review requires that the ALJ's ("Administrate Law Judge") decision be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's conclusions. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir.

1989) (citations omitted). If, under the substantial evidence standard, the ALJ's decision must be accepted, the standard prohibits this Court from inquiring whether the record could support a decision in the plaintiff's favor. *Id.*

This Court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the Court might have reached a different conclusion. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), this Court has now undertaken a *de novo* review of those portions of the report and recommendation to which Plaintiff objects. In considering the Plaintiff's objections to the magistrate judge's ruling, the Court has independently reviewed the entire record, including the report and recommendation, the administrative record, and all related filings. For the reasons that follow, Plaintiff's objections will be overruled.

First, Plaintiff contends that the ALJ erred in determining that Plaintiff's only severe impairment is "alleged mild mental retardation versus borderline intellectual functioning" [Doc. 17 at 2]. In other words, Plaintiff contends that the ALJ erred at step two of the sequential evaluation process by failing to include his alleged physical impairments. As properly noted by the ALJ and Magistrate Judge Guyton, "step two is really one of deciding whether to stop the analysis at that step or move forward in the sequential evaluation process." [Docs. 15 at 12; 16 at 4.] *See also Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (stating that step two is satisfied if the claimant has "any medically determinable physical or mental impairment(s)"). The ALJ properly determined that Plaintiff had "any"

2

medically determinable impairment, so there was no error by the ALJ as to step two of the sequential evaluation process.

Second, Plaintiff contends that the ALJ erred in step three of the sequential evaluation process when he determined that the Plaintiff did not have "an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1" (Tr. 18). Plaintiff initially argues that the ALJ's finding that limited him to medium work indicates that he has a severe physical impairment [Doc. 17 at 2]. In the context of step three analysis, the ALJ's finding is not inconsistent. 20 C.F.R. § 404.1529(d)(4) states that "[i]f you have a medically determinable severe physical or mental impairment(s), but your impairment(s) does not meet or equal an impairment listed in Appendix 1 of this subpart, we will consider the impact of your impairment(s) and any related symptoms, including pain, on your residual functional capacity." Accordingly, Plaintiff's argument is without merit because the ALJ's finding of a medium work limitation on the Plaintiff is entirely consistent with the determination that Plaintiff did not have an impairment listed in Appendix 1.

Plaintiff also argues that the ALJ erred when he determined that the Plaintiff did not suffer from "physical impairments which have a medical basis and would have more than a minimal effect on his ability to work." [Doc. 17 at 2.] Even though the record supports Plaintiff's claims of back and joint pain, there is substantial evidence to support the ALJ's conclusion that such pain was insufficient to qualify as an impairment in Appendix 1. 20 C.F.R. § 404.1529 provides that "statements about your pain or other symptoms will not

alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged." The ALJ relied on objective medical evidence of record in concluding that Plaintiff's assertions of severely limiting pain were not wholly credible (Tr. 153, 163, 201, 270, 286). The medical opinions relied on by the ALJ were thorough and objective and given proper weight by the ALJ. Furthermore, the ALJ properly considered the opinion of Dr. Summers in light of its significant reliance on "subjective complaints of the claimant who is not considered credible" (Tr. 22). *See also Rasmussen v. Astrue*, No. 07-2007, 2007 WL 3326524, at *3 (7th Cir. Nov. 6, 2007) (holding that "discrepancies between objective and self-reports may suggest symptom exaggeration").

Plaintiff also contends that his mental impairments resulted in limitations more severe than found by the ALJ. After reviewing the record, there is substantial evidence in the record supporting the ALJ's conclusion. The record shows that Plaintiff "has never been hospitalized for emotional problems" and has been treated primarily with medication and teaching visits where he receptively learned about stress and coping skills (Tr. 156-57, 175, 203-38). Notably, his psychiatric treatment at Ridgeview Hospital was terminated because he "Missed appointments - unable to contact" (Tr. 222). The mental and psychiatric reviews that Plaintiff contends support his claims regarding mental impairments note that he lacked credibility as to those allegations and malingered "in a gross fashion" (Tr. 195, 266). In light of the Plaintiff's malingering and the simple paucity of objective medical evidence in the

4

record showing that Plaintiff suffers from the severity of mental impairments of which he claims, the ALJ did not err in his determination regarding Plaintiff's mental impairments.

Regarding step three, the Plaintiff also argues that Magistrate Judge Guyton failed to address the Plaintiff's arguments regarding the ALJ's failure to properly consider the Plaintiff's mental impairments. However, Judge Guyton noted that the medical evidence of record, Plaintiff's lack of credibility, and his history of malingering supported the ALJ's findings. Furthermore, as there is substantial evidence supporting the ALJ's determination as to the mental impairments, Plaintiff cannot prevail with this argument.

Third, Plaintiff objects on the basis that substantial evidence did not support the ALJ's residual functional capacity ("RFC") findings. Specifically, Plaintiff argues that the ALJ failed to properly consider Plaintiff's physical and mental limitations. However, the medical evidence discussed above in addition to Plaintiff's malingering and lack of credibility are substantial evidence that support the ALJ's RFC findings. Plaintiff again relies on consultative reviews to support his argument, but as noted above, these same consultants noted that "claimant's allegations are not credible" and that the evaluation was marred by Plaintiff's "malingering" (Tr. 195, 266). The ALJ even noted that the consultants "noted that [Plaintiff] did not always give his best efforts" (Tr. 22). Thus, the ALJ's reliance on the opinions of DDS reviewing psychologists was not inconsistent because those reviews were subject to Plaintiff's lack of credibility and malingering. Magistrate Judge Guyton also addressed this issue when he noted that the ALJ's findings were "bolstered by the plaintiff's lack of credibility, augmented by his record of malingering" [Doc. 16 at 5]. Furthermore, the

ALJ took into account the limitations Plaintiff complains of when he found that the Plaintiff had "moderate" limitations in certain areas (Tr. 21).

Plaintiff's argument that the ALJ failed to discuss the consultant's reviews fully must also fail. Plaintiff relies on *Shelman v. Heckler*, 821 F.2d 316, 320-21 (6th Cir. 1987), in which the 6th Circuit found an ALJ applied "an erroneous legal standard with respect to the opinions of plaintiff's treating physicians" when relying on a medical adviser's testimony regarding a claimant's need for an oxygen tank that was contrary to testimony of the claimant's treating physicians. *Id.* at 320-21. The Sixth Circuit found it necessary for the ALJ to "set forth some basis for rejecting these opinions." *Id.* at 321.

The problem with Plaintiff's argument is that the ALJ did not reject the consultants' opinions at all. While *Shelman* involved an ALJ wholly rejecting the medical opinions of treating physicians, the ALJ in the present case acknowledged the "moderate limitation in social functioning" and "moderate limitation in concentration, persistence, or pace" consistent with the consultants' opinions (Tr. 21). Accordingly, Plaintiff's argument as to this issue is without merit

Fourth, Plaintiff argues that the ALJ's determination was flawed because he failed to find Plaintiff meets or equals the listing of impairments in 12.05C. He further contends that Magistrate Judge Guyton's failed to address this argument in the report and recommendation. As an initial matter, Magistrate Judge Guyton specifically addressed the issue of whether Plaintiff's condition met listing 12.05C [Doc. 16 at 4], thus the objection is overruled to the extent Plaintiff contends the issue was not addressed in the report and recommendation.

To the extent the objection applies to the ALJ's determination of whether Plaintiff meets or equals the listing of impairments in 12.05C, the Sixth Circuit has held that the "Commissioner is not required to accept a claimant's I.Q. scores and may reject scores that are inconsistent with the record." *Baker v. Comm'r of Soc. Sec.*, 21 Fed. App'x 313, 315 (6th Cir. 2001). The Sixth Circuit noted that "the ALJ should examine test results of this sort to assure consistency with daily activities and behavior." *Id.* The question of whether the decision to disregard I.Q. scores as unreliable must be supported by substantial evidence. *Id.*

In the present case, substantial evidence supports the ALJ's conclusion that the scores were "not an accurate reflection of [Plaintiff's] intellectual functioning as there is no consistent history of cognitive defectiveness or limitations to his daily living beyond borderline limits" (Tr. 18). The record includes evidence that Plaintiff has a driver's license, takes his daughter to school on a daily basis, and works around the house on his car (Tr. 77, 156, 174, 312). Ms. Garland, a licensed psychological examiner, found that Plaintiff was "capable of managing his money" and "could do tasks with simple to moderate detail complexity" (Tr. 135-36). Plaintiff's subjective claims regarding his inability to perform daily activities is marred by his record of malingering. Thus, there is substantial evidence for the ALJ to reject the scores that underestimated Plaintiff's true intellectual abilities. *Baker*, 21 Fed. App'x at 315. As a result, the ALJ did not err in finding that Plaintiff did not meet the first prong under Listing 12.05C.

Finding no error in the report and recommendation, the Court will overrule Plaintiff's objections; accept the report and recommendation in whole; deny Plaintiff's motion for summary judgment; grant Defendant's motion for summary judgment; affirm the Defendant Commissioner's decision in this case denying Plaintiff's application for disability insurance benefits and supplemental security income; and dismiss this case. An order reflecting this opinion will be entered.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE